ESTATE OF PAMPHILA H. PHILLIPS, DECEASED, THOMAS W. PHILLIPS, JR., BENJAMIN D. PHILLIPS, AND GRACE PHILLIPS JOHNSON, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87519.   Promulgated December 8, 1937.

*W. W. Booth, Esq.*, for the petitioners.
*H. F. Noneman, Esq.*, for the respondent.

OPINION.

BLACK: Respondent concedes that petitioners are entitled to a credit on their Federal estate tax for amounts paid to the Commonwealth of Pennsylvania of an amount not in excess of $27,253.06. It has been stipulated that petitioners have actually paid to the Commonwealth of Pennsylvania, in cash, the sum of $27,509.77, exclusive of interest. It can readily be seen that this is $156.11 more than the credit to which respondent concedes that petitioners are entitled if they have paid that much within the statutory definition of "actually paid." But it is respondent's contention that under the decision of the Supreme Court of Pennsylvania in *In re Markle's Estate* (1933), 311 Pa. 472; 166 Atl. 884, petitioners are entitled to a refund of part of the tax which they have paid to the Commonwealth of Pennsylvania, and that when they do get such refund the amount allowable as a credit in the computation of Federal estate tax will be $26,693.06, which, together with the discount of $560, equals $27,253.06, the maximum amount of credit allowable.

We shall not in this opinion enter into any extensive discussion of *In re Markle's Estate, supra.* It may well be that, under the law as construed in that case by the Supreme Court of Pennsylvania, petitioners have overpaid the estate tax and inheritance taxes due the Commonwealth of Pennsylvania and are entitled to a refund of part of what they have paid, but we have not the power to decide that question. The effect of what the Supreme Court of Pennsylvania decided in that case is stated in the syllabus of its opinion, as follows:

1. The discount permitted by section 38 of the Act of June 20, 1919, P. L. 521, for prompt payment of the normal inheritance tax may be claimed as a credit by the executors of an estate of a decedent by the Act of May 7, 1927, P. L. 859.

2. The "total" taxes actually paid "which by the Act of May 7, 1927, P. L. 859, is to be deducted from the credit of eighty per cent allowed by the federal law is the amount of the tax which was discharged by payment, and not the sum of money which the Commonwealth accepts in satisfaction of the normal tax."

The decision of the Supreme Court of Pennsylvania on this particular point of discounts allowed in payments in determining the estate and inheritance taxes due the Commonwealth of Pennsylvania seems to be contrary to what the Board has held in determining what credit an estate is entitled to have for amounts of estate and inheritance taxes paid to the state, in determining the amount of estate taxes to be paid the Federal Government.

Under the Board's decision in *Earl F. Smith, Administrator*, 23 B. T. A. 278; affd., 59 Fed. (2d) 533, tax-paying estates are not entitled to have credited to them as taxes "actually paid" the amount

of discount allowed by the state for the prompt payment of state estate and inheritance taxes. The applicable revenue act involved is section 301 (b) of the Revenue Act of 1926, which reads as follows:

(b) The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid in any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 304.

It appears from the facts which have been stipulated that, in the payment of $11,200 inheritance taxes due under the laws of the State of Pennsylvania, petitioners were allowed a discount of 5 percent, which amounted to $560. Undoubtedly under our decision in *Earl F. Smith, Administrator, supra,* this amount of $560 should not be counted in determining the credit to which petitioners are entitled under section 301 (b), *supra.* Petitioners do not contend otherwise. But, leaving this $560 discount entirely out of consideration, the facts show that petitioners still have paid to the State of Pennsylvania the net cash amount, exclusive of interest, of $27,509.77 as state estate and inheritance taxes, which is more than they are asking as a credit in the computation of the amount due the Federal Government.

Are we to reduce this amount by some theoretical refund to which respondent claims petitioners are entitled from the Commonwealth of Pennsylvania under the doctrine announced by the Supreme Court of that state in *In re Markle's Estate?* We think not. Petitioners' contention in short is that they have paid the amount in controversy to the State of Pennsylvania and they do not want to pay it again to the Federal Government. They say that they have received no refund from the State of Pennsylvania in the amount that respondent says they are entitled to receive and that they have not even filed a claim for a refund. Petitioners contend that, if and when they do receive a refund of any of the amount which they have paid to the State of Pennsylvania, they would be required to report that fact to the Commissioner of Internal Revenue and pay any additional estate tax which might be due the Federal Government by reason thereof. We think petitioners are correct in this contention.

The concluding paragraph of article 9 (b) of Regulations 80 (1937 edition), dealing with credit for estate, inheritance, legacy, or succession taxes, reads as follows:

If, subsequent to the allowance of a credit by the Commissioner, a refund is made of any such estate, inheritance, legacy, or succession taxes, the executor, or if the refund is made after the executor's discharge, then any person or persons to whom the refund is made, is required to advise the Commissioner

of the date of the refund and the amount thereof, furnish the Commissioner with a description of the property or interest in respect to which the refund was made and pay the Federal estate tax, if any, due as a result of such refund, together with interest.

As we have already pointed out, petitioners have received no refund of any part of the estate and inheritance taxes which they have paid the Commonwealth of Pennsylvania on account of the estate of decedent, Pamphila H. Phillips, and no claim for a refund is pending. If and when any such refund is received, it will be their duty to report it to the Commissioner as provided in the regulation quoted above and pay any additional Federal estate tax which may become due by reason thereof. We would not be justified in denying to petitioners the credit which they are entitled to receive under section 301 (b) of the Revenue Act of 1926, as amended, merely because the Commissioner alleges they are entitled to receive a refund of some part of the estate and inheritance taxes which they have paid to the Commonwealth of Pennsylvania but which refund, so far as we know, they may never in fact receive.

Upon the facts stipulated and the applicable law and regulations, we find in favor of the petitioners on the only issue involved. An order will be entered denying respondent's motion to vacate our decision of June 16, 1937.