## Howard's Estate

*Elgin E. Weest,* for Commonwealth.
*Robert B. Greer,* for executors.

CHADWICK, P. J., May 9, 1945.—This question arises on an appeal from the supplemental resident inheritance tax appraisement made January 5, 1945. The neat question which appears to be presented to us on this appeal is whether the Commonwealth may assess an additional tax under the Act of May 7, 1927, P. L. 859, as amended by the Act of June 4, 1943, P. L. 864, in such manner as to pick up for the Commonwealth an item of $300, which had previously been ascertained as the discount earned by the estate by the prompt payment of the inheritance tax. No question is raised of the method adopted by the Commonwealth in arriving at the additional amount due; the complaint is as to the practical result of this method so far as the

estate is concerned. This result is to effectively deprive the estate of any advantage it gained by its prepayment of the inheritance tax.

The correct resolution of the question in this case appears to depend upon the construction to be given to the Act of June 4, 1943, P. L. 864.

There is obviously more than coincidental significance between the adoption of the act and the decision of the Supreme Court in Markle's Estate, 311 Pa. 472. It is quite clear that under Markle's Estate the contention of the accountant would be sound.

However, the legislature re-attacked the question after Markle's Estate was handed down, and it would appear that one principal purpose of the amendment was to avoid the effect of that decision. The legislature in its new enactment mentions the intent that the Commonwealth may receive the full benefit of the legislation granting a credit on the federal estate tax for estate succession and transfer inheritance taxes; for this purpose it invents "an estate tax to be known as the Pennsylvania Estate Tax" and imposes the same upon "the estate of every person who, at the time of his death, is a resident of the Commonwealth, provided such estate is in the class of estate which, under the laws of the United States, is subject to a Federal estate tax." It further provides that such estate tax "shall be in addition to any tax imposed as a result of the death of such resident under the provisions of the transfer inheritance tax law of this Commonwealth approved the twentieth day of June, one thousand nine hundred and nineteen (Pamphlet Laws, five hundred twenty-one), to which this act is a supplement". It provides that this new tax shall be computed as follows: "The aggregate transfer inheritance taxes due under the act to which this act is a supplement shall first be ascertained" and then proceeds to evolve a machinery under which the last crumb of tax is imposed which the Commonwealth can hope to collect for itself within the

field for allowable credit under the "Federal Estate Tax law or laws for estate, inheritance, legacy or succession taxes paid to any state or territory or the District of Columbia or any possession of the United States".

We assume that this kind of tax legislation is wise and beneficial, and it is not suggested that it is not within the power of the Commonwealth to enact; but its effect in this case is to deny to the estate any benefit of a discount which was fairly earned when the estate paid its Pennsylvania transfer inheritance taxes within the prescribed period.

If the real conflict of interest were between the estate and the Commonwealth, we would exhaust our ingenuity to try to find some way to protect the estate from what would be an obviously unfair and perhaps unrighteous exercise of the taxing power; but this is not the situation. The estate will be no richer in either event because if the Commonwealth does not succeed in collecting this last drop of revenue, it will only fall into the dipper of the Federal taxing authority.

We conceive that it is as much the duty of this court to protect the Federal Government in its claims as it is to protect the Commonwealth; but in this particular field it appears that the Commonwealth has found an effective way to pipe off the last dregs of extortable tax, and that a decision in favor of the Commonwealth's contention accords with the intended effect of the amendment of June 4, 1943. The words, "aggregate taxes due", seem to us appropriately used, and to be expressive of a different idea than the words, "total taxes actually paid or payable".

The appeal will accordingly be dismissed by a decree nisi, to become final unless exceptions are filed within 15 days. If the fiduciaries believe this disposition of the matter is erroneous and desire to press it, the court will be glad to consider the question further and file a more exhaustive opinion.