## Thayer's Estate

E. C. Filer, for appellant.
W. R. Good, for Commonwealth.

WAITE, P. J., April 14, 1947.—This matter is before the court on appeal by the estate from an estate tax amounting to $570 and a penalty thereon amounting to $148, as shown by an inheritance tax statement rendered by Ralph B. McCord, Register of Wills of Erie County, Pa., as agent for the Department of Revenue of the Commonwealth of Pennsylvania, on January 28, 1947.

Decedent died November 12, 1944. The entire net estate of decedent passed to her only son, Oscar Thayer, and is, therefore, subject to the Pennsylvania direct

inheritance tax, amounting to two percent, upon the clear value of the estate. The said son is also the administrator of the estate. Because of the size of this estate, it is subject to both the Pennsylvania transfer inheritance tax, to the Federal estate tax and to the Pennsylvania estate tax, as provided by the Act of June 4, 1943, P. L. 864, sec. 1, 72 PS §2303.

After some delay, on December 12, 1946, 13 months after decedent's death, the administrator received notice from the United States Treasury Department of the levy of a gross basic Federal estate tax amounting to $17,987.58, on which sum the State of Pennsylvania was entitled to a credit of 80 percent, as allowed by section 301(b) of the United States Revenue Act of 1926, amounting to $14,390.06.

On February 13, 1945, the estate paid on the Pennsylvania transfer inheritance tax the sum of $10,830 and was credited with the five percent discount, amounting to $570, making a total credit on the Pennsylvania transfer inheritance tax of $11,400.

Included in the record is an inheritance tax notice of the Commonwealth of Pennsylvania, dated January 28, 1947, setting forth, inter alia, the following:

"Penna. Estate Tax 80%      $14,390.07
Appraisement filed January 28, 1947.
Subject to penalty of 12% per annum
   after November 12, 1945
Payments are credited as follows:

| | |
|---|---:|
| February 13, 1945 | $10,830.00 |
| January 21, 1946 | 271.22 |
| January 18, 1947 | 2,718.84 |
| A total of | $13,820.06" |

Attached to said inheritance tax notice is an inheritance tax statement setting forth, inter alia, the following:

"To amount of Inheritance Tax, due
Penna. Estate Tax              $14,390.06
Pd. as noted above          $13,820.06

To discount 5% if paid on
or before                  $   570.00
To penalty if paid on or be-
fore February 12, 1947      $   148.00

Balance tax due 2-12-47     $   718.00"

On February 13, 1947, the estate presented a petition for citation on Ralph B. McCord, as agent for the Commonwealth of Pennsylvania, to show cause why an appeal should not be allowed. On the same day the appeal was allowed and it is now before the court for determination.

The questions here involved are: (1) Should the discount of five percent, amounting to $570, allowed for prompt payment of part of the Pennsylvania transfer inheritance tax, be credited on the estate tax after a final adjustment of the United States estate tax, and (2) if not, then what, if any, penalty should be imposed upon the estate because of the delay in final payment.

In addition to the facts set forth above, counsel for both the estate and the Commonwealth have filed a joint "Stipulation of counsel on the appeal by the estate in re Pennsylvania estate tax", which reads as follows:

"Now, April 1, 1947, it is hereby stipulated and agreed that the following are the matters to be adjudicated by the court in the matters of the appeal filed by the estate on the question of the balance, if any, of Pennsylvania estate tax due and payable by said estate.

"That on February 13, 1945, there was paid by said estate, the sum of $10,830 on account of transfer inheritance taxes due, which said amount paid discharged for transfer inheritance tax purposes, the

amount of $11,400, the difference being the five percent discount allowable, or the sum of $570. That on January 21, 1946, the sum of $271.22 was paid by the estate. That the total amount of actual payment was $11,101.22.

"That the Federal estate tax was assessed at $17,-987.58.

"That the credit allowable to the Commonwealth, or 80 percent thereof is the sum of $14,390.06.

"That the present dispute is whether the five percent discount of the Pennsylvania inheritance or transfer tax, or the sum of $570 is, or is not, payable to the Commonwealth of Pennsylvania under and by virtue of the Act of June 4, 1943, P. L. 864, sec. 1, 72 PS §2303. That whether in determining any balance due, there should be given credit for the $570 discount as a part of the 'aggregate transfer inheritance taxes due'.

"That in addition thereto, upon final determination of that question, there shall be the further determination as to what interest and penalty, if any, may be due and payable, in accordance with the acts of assembly providing for the same."

Section 301(b) of the Federal Revenue Act of 1926 relative to Federal estate taxes, provides as follows:

"The tax imposed by this section shall be credited with *the amount* of any estate, inheritance, legacy, or succession *taxes actually paid* to any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section, and shall include only such taxes as were *actually paid* and credit therefor claimed within three years after the filing of the return required by section 304." (Italics supplied.)

The purpose of this act was to enable the several States, by appropriate legislation, to claim credit for

the amount of any State taxes *actually paid* to an extent not to exceed 80 percent of the total estate taxes levied by the Federal Government. Pursuant to that purpose, the Legislature of Pennsylvania passed section 1 of the Act of May 7, 1927, P. L. 859, amended by section 1 of the Act of May 16, 1929, P. L. 1782, and finally further amended by section 1 of the Act of June 4, 1943, P. L. 864.

Under said Act of May 7, 1927, it was held in Markle's Estate, 311 Pa. 472, decided April 7, 1933, that:

"The discount permitted by section 38 of the Act of June 20, 1919, P. L. 521, for prompt payment of the normal inheritance tax may be claimed as a credit by the executors of an estate of a decedent in ascertaining the amount of the additional transfer tax imposed by the Act of May 7, 1927, P. L. 859." (Syllabus)

"The 'total taxes actually paid', which, by the Act of May 7, 1927, P. L. 859, is to be deducted from the credit of eighty per cent allowed by the federal law, is the amount of the tax which was discharged by payment, and not the sum of money which the Commonwealth accepts in satisfaction of the normal tax." (Syllabus)

In 1943 the Legislature of Pennsylvania further amended the said Act of May 7, 1927, P. L. 859, as has been said by reason of the interpretation placed upon the said statute in Markle's Estate, supra, by the Act of June 4, 1943, P. L. 864, the material parts of which are as follows:

"Section 1. Be it enacted, &c., That in order that the Commonwealth may receive the full benefit of section three hundred and one (b) of the Federal Revenue Act of one thousand nine hundred and twenty-six, or any other legislation of a similar kind or enacted for a like purpose, which grants a credit on the Federal estate tax for estate succession and transfer inheritance

taxes paid to the State governments, an estate tax to be known as the Pennsylvania Estate Tax is hereby imposed upon the estate of every person who, at the time of his death, is a resident of the Commonwealth, provided such estate is in the class of estates which, under the laws of the United States, is subject to a Federal estate tax. Such estate tax shall be in addition to any tax imposed as a result of the death of such resident under the provisions of the transfer inheritance tax law of this Commonwealth, approved the twentieth day of June, one thousand nine hundred and nineteen (Pamphlet Laws, five hundred twenty-one), to which this act is a supplement. The said Pennsylvania Estate Tax upon the estate of every decedent as aforesaid shall be computed as follows: The aggregate transfer inheritance taxes due under the act to which this act is a supplement shall first be ascertained. To such amount, there shall be added the amount of any estate, inheritance, legacy or succession taxes actually paid to any other State or territory or the District of Columbia or any possession of the United States, in respect to any property owned by such decedent, subject to such taxes as a part of or in connection with his estate. The sum resulting from such addition shall then be deducted from an amount equal to the amount of the maximum credit allowable to the estate of the decedent by the Federal Estate Tax law or laws for estate, inheritance, legacy or succession taxes paid to any State or territory or the District of Columbia or any possession of the United States. The remainder, if any, shall constitute and be the Pennsylvania Estate Tax upon the estate of the decedent. The tax imposed by this act shall be collected in accordance with the provisions of the act to which this act is a supplement."

The first question before the court on this appeal is whether the Commonwealth may assess an additional tax under this act, as amended, so as to recover the five

percent discount credit of $570, which was allowed in this estate when the first payment was made on the Pennsylvania transfer inheritance tax on February 13, 1945. We have been unable to find any Pennsylvania Supreme or Superior Court decisions construing the above amendatory Act of June 4, 1943. But, in Howard's Estate, 55 D. & C. 630, it is held that under the Act of June 4, 1943, P. L. 864, imposing the Pennsylvania estate tax and prescribing the amount to be paid, in addition to the nominal inheritance tax, the estate is not entitled to a credit for the total amount of the inheritance tax, but only for the amount actually paid, after allowance of the discount for prompt payment.

The first question before us on this appeal is whether the Commonwealth may assess an additional tax under this act, as amended, so as to pick up or recover the five percent discount credit of $570, which was allowed the estate when the first payment was made on February 13, 1945. The question here involved was before the court in Howard's Estate, supra. In a carefully considered opinion by Chadwick, president judge of the Orphans' Court of Delaware County, it is said:

"The correct resolution of the question in this case appears to depend upon the construction to be given to the Act of June 4, 1943, P. L. 864.

"There is obviously more than coincidental significance between the adoption of the act and the decision of the Supreme Court in Markle's Estate, 311 Pa. 472. It is quite clear that under Markle's Estate the contention of the accountant would be sound.

"However, the legislature re-attacked the question after Markle's Estate was handed down, and it would appear that one principal purpose of the amendment was to avoid the effect of that decision. The legislature in its new enactment mentions the intent that the Commonwealth may receive the full benefit of the

legislation granting a credit on the federal estate tax for estate succession and transfer inheritance taxes; for this purpose it invents 'an estate tax to be known as the Pennsylvania Estate Tax'; and imposes the same upon 'the estate of every person who, at the time of his death, is a resident of the Commonwealth, provided such estate is in the class of estates which, under the laws of the United States, is subject to a federal estate tax'. It further provides that such estate tax 'shall be in addition to any tax imposed as a result of the death of such resident under the provisions of the transfer inheritance tax law of this Commonwealth approved the 20th day of June, 1919, P. L. 521, to which this act is a supplement'. It provides that this new tax shall be computed as follows: 'The aggregate transfer inheritance taxes due under the act to which this act is a supplement shall first be ascertained' and then proceeds to evolve a machinery under which the last crumb of tax is imposed which the Commonwealth can hope to collect for itself within the field for allowable credit under the 'Federal Estate Tax law or laws for estate, inheritance, legacy or succession taxes paid to any state or territory or the District of Columbia or any possession of the United States.'

"We assume that this kind of tax legislation is wise and beneficial, and it is not suggested that it is not within the power of the Commonwealth to enact; but its effect in this case is to deny to the estate any benefit of a discount which was fairly earned when the estate paid its Pennsylvania transfer inheritance taxes within the prescribed period.

"If the real conflict of interest were between the estate and the Commonwealth, we would exhaust our ingenuity to try to find some way to protect the estate from what would be an obviously unfair and perhaps unrighteous exercise of the taxing power; but this is not the situation. The estate will be no richer in either

event, because if the Commonwealth does not succeed in collecting this last drop of revenue, it will only fall into the dipper of the Federal taxing authority.

"We conceive that it is as much the duty of this court to protect the Federal government in its claims as it is to protect the Commonwealth; but in this particular field it appears that the Commonwealth has found an effective way to pipe off the last dregs of extortable tax, and that a decision in favor of the Commonwealth's contention accords with the intended effect of the amendment of June 4, 1943. The words 'aggregate taxes due', seem to us appropriately used, and to be expressive of a different idea than the words, 'total taxes actually paid or payable'." -

There is little that we can add to what Judge Chadwick has so well said, except to say that we fully agree with the conclusion reached.

Prior to the passage of the Act of June 4, 1943, P. L. 864, the Pennsylvania inheritance tax was strictly a transfer tax, assessed upon the clear value of the property passing from the deceased to an heir or legatee— while the Federal inheritance tax is assessed upon the estate itself. The Act of June 4, 1943, P. L. 864, sets up a new and distinct tax in Pennsylvania, which is, in effect not a "transfer tax", but an "estate tax", and is so designated in the act itself. Both the Federal act, crediting 80 percent of the Federal tax, and the Pennsylvania amendatory Act of June 4, 1943, P. L. 864, authorizing the taxing authorities in Pennsylvania to claim that credit, use the words, *"taxes actually paid"*.

The language of the act as to how this tax is to be determined and computed is clear and specific and the actual computation by the Department of Revenue of Pennsylvania, as shown by the "inheritance tax statement" herein referred to and in part quoted, is in compliance therewith. Such works speak for themselves and do not require or even permit interpretation by

the court. It is only when the meaning of the words are ambiguous or in doubt that the courts may interpret. Nor is it the function of the court to pass upon the wisdom of legislation. That is the function of the legislature so long as it acts within its constitutional limitations and no question has been raised in this case as to the constitutionality of either the Federal or the State tax laws.

As we understand the decisions, if the said sum of $570 is allowed as a discount and not as an actual payment to the Commonwealth of Pennsylvania, the said sum of $570 will be eventually payable to the Federal Government, and the estate will have to pay in any event.

For the reasons above stated, the appeal as to the Pennsylvania Department of Revenue claim for the unpaid Pennsylvania estate tax in the amount of $570 is dismissed.

The other question is as to what, if any, additional charge should be made against the estate for interest or penalty. The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, art. IV, sec. 38, 72 PS §2442, provides in part as follows:

"If the tax is not paid at the end of one year from the death of the decedent, interest shall be charged at the rate of 12% per annum on such tax."

This act, too, has been amended by the Act of May 27, 1943, P. L. 757, sec. 5, 72 PS §2442, as follows:

"If the tax is paid within three months after the death of the decedent, a discount of five per centum shall be allowed. If the tax is not paid at the end of one year from the death of the decedent, interest shall be charged at the rate of *six* per centum per annum on such tax. Where any *real* or personal *estate subject to such tax is* withheld by reason of litigation or other *unavoidable* cause of delay, from the parties entitled thereto, *and such real or personal estate* has not been

productive to the extent of six per centum per annum, the proper parties shall not pay a greater amount as interest to the Commonwealth than they have realized or shall realize from such estate during the time the same has been or shall be withheld as aforesaid." As amended, May 27, 1943, P. L. 757.

In the present case there has been no litigation except the present appeal instituted by the petition and order of February 19, 1947. What may have caused the delay does not appear. It may have been an honest doubt by the administrator of the estate as to whether or not any additional tax was payable. The administrator admits receiving notice on December 12, 1946, from the United States Treasury Department of the levy of the gross basic tax of $17,987.58 and on January 28, 1947, of the receipt of the inheritance tax statement from the Commonwealth of Pennsylvania, claiming a balance due amounting to $718, including the penalty of $148. Why the rendering of this statement was so long delayed by the Commonwealth does not appear, nor is there anything to show what the earnings of the estate may have been during the period of this delay. If the earnings are claimed to be less than six percent, the burden of showing this rests upon the estate. See Husband's Estate, 316 Pa. 361. In our opinion, no claim for interest or penalty should be allowed in this estate prior to the rendering of an inheritance tax statement by the Commonwealth, which, according to the record, was January 28, 1947.

In view of the uncertainty of the record in regard to these matters, the court will not undertake to dispose of the question of interest or penalty upon the unpaid balance of the Pennsylvania estate tax, amounting to $570. From the suggestions herein set forth, the attorneys for the Commonwealth and the estate may be able to work out an adjustment as to whether or not any interest should be paid upon the unpaid balance and, if so, how much.

The appeal is accordingly dismissed by a decree nisi fixing the balance due the Commonwealth on the estate tax in the sum of· $570 and leaving the matter of any interest charge thereon for subsequent determination. An order may be made in accordance herewith.

April 14, 1947, exception noted for the estate.

April 14, 1947, exception noted for the Commonwealth.